The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Dated: 03:12 PM December 27, 2016

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT E. SMITH, JR. AND | ) | CASE NO. 14-60977 |
| JOAN M. SMITH, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Attorney Kenneth L. Sheppard, Jr. has three fee applications pending before this court. The chapter 13 trustee, Toby L. Rosen ("Trustee") objected to all three applications. The court held a hearing on November 9, 2016 and took the matter under advisement. The following constitutes the court's finding of fact and conclusions of law under Federal Bankruptcy Rule 7052. The court has jurisdiction of this case and matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157 and has authority to issue final orders. Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Mr. Sheppard filed a chapter 13 case for Debtors on April 30, 2014. His Rule 2016

1

disclosure statement indicates he charged $1,275.00 and was paid in full prior to filing by ARAG, a legal insurance program through Debtor Robert E. Smith, Jr.'s employer. This was the first case Mr. Sheppard filed in the Northern District of Ohio. He has been practicing law for thirteen years and has practiced bankruptcy for nine years.

Debtors' plan was confirmed on April 9, 2015. Per an agreed order with Trustee, plan payments were $2,000.00 per month. The plan proposed a five percent (5%) dividend to unsecured creditors. Trustee was paying Debtors' residential mortgage, as well as a prepetition arrearage. The plan also provided to pay for two vehicles in full. It is a sixty month plan.

At the time this case was filed, the court's administrative order 14-01 governed fees in chapter 13 cases. Under that order, no look fees for this case were $2,625.00. The no look fee covers most preconfirmation services, as well as some postconfirmation services, including one modification that does not require a hearing.

In the first fee application, Mr. Sheppard seeks fees and expenses totaling $991.83 for a postconfirmation motion to borrow filed on behalf of Debtors. Debtors were attempting to obtain a student loan for their college aged son. The court typically does not approve these motions. The motion was subsequently withdrawn.

The second application is for services related to an uncontested modification filed with the court on July 8, 2016. Mr. Sheppard seeks $1,177.50 in fees and $21.07 in expenses, for a total of $1,198.57.

The third application for $1,114.99 contains charges for one preconfirmation service, travel to and from the 341 meeting of creditors, and services for an uncontested modification filed with the court on September 22, 2015.

## DISCUSSION

Attorneys are entitled to reasonable compensation for services rendered. 11 U.S.C. § 329(b). The starting point for determining reasonableness in this circuit is the lodestar method whereby the fee is calculated by multiplying the reasonable time spent on the task by the reasonable hourly rate. Boddy v. U.S., 950 F.2d 334, 337 (6th Cir. 1991). The resulting figure is subject to adjustment by the court based on qualitative factors, including

      1. the requisite time and labor;
      2. the novelty and difficulty of the issues;
      3. the requisite skill;
      4. the preclusion of other employment;
      5. the customary fee;
      6. the risk incurred;
      7. time limitations;
      8. the amount involved and the results obtained;

9. the experience, reputation and ability of the counsel;
10. the desirability of the case;
11. the nature and length of the case; and
12. the results obtained in similar cases.

In re Kieffer, 306 B.R. 197, 205 (Bankr. N.D. Ohio 2004) (citing Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also* 11 U.S.C. § 330(a)(3).

Trustee objects to the fee applications as "excessive." She explained that other attorneys are charging $300.00 - $400.00 for modifications, not in excess of $1,000.00, and points out that the modifications were not contested. She also takes issue with compensating Mr. Sheppard for the motion to borrow, which was unlikely to be granted by the court and was later withdrawn before it was heard. However, she does not object to awarding Mr. Sheppard any fees up to the no look fee amount. At this point, that would allow him $1,350.00 in additional compensation. Mr. Sheppard stood by his fee applications.

 I. Lodestar

 A. Hourly rates

Mr. Sheppard is charging $275.00 per hour for his service and $150.00 per hour for paralegal services. The court finds these amounts to be excessive for a consumer practitioner in the Canton market. A survey of recent fee applications reveals that this rate exceeds the rate charged by more seasoned *commercial* bankruptcy attorneys. For example, John J. Rutter, of Roetzel & Andress in Akron, was admitted in 2005 and recently charged $210.00 for legal services rendered as counsel for a panel trustee.[1] Chrysanthe E. Vassiles, a partner with the Canton firm Black McCuskey Souers & Arbaugh ("BMSA"), who was admitted to practice in 1996, charged $285.00 an hour for her services.[2] Michael J. Moran, a partner with Gibson & Lowry in Cuyahoga Falls, admitted to practice in 1978, is charging $250.00 per hour.[3]

On the consumer side, Mr. Sheppard's fees fare worse. For example, the court recently awarded John R. Bates, who was admitted in Ohio in 1993, $400.00 for a lengthy bundle of services, including preparation of a motion and order to borrow, responses to two motions to dismiss, resolution of eight separate notices of delinquency, and more.[4] John E. Haupt, Jr.'s, an attorney since 1983, hourly rate is $200.00 per hour.[5] James F. Hausen recently filed a fee application for $200.00 total for talking to his client about a delinquency and filing a modification of plan on her behalf.[6] He has been an attorney since 2001. Admitted in 2002, Rebecca K. Hockenberry's rate is $180.00 per hour.[7] When acting as his own counsel, Josiah L.

---

1 In re Russell, Case No. 10-64780, doc. #54.
2 In re Laurel Valley, Inc., Case No. 05-64330, doc. #383.
3 In re Boone, Case No. 16-61375, doc. #27.
4 In re Gasperowich, Case No. 12-60385, doc. #58.
5 In re Lantzer, Case No. 11-61553, doc. #67.
6 In re Marino, Case No. 13-62265, doc. #63.
7 In re Parsons, Case No. 16-60059, doc. #87.

3

Mason, a chapter 7 trustee an attorney since 1960, charges $200.00 per hour.[8] Nicole L. Rohr, an attorney since 2004, charges $200.00 per hour.[9] And finally, Donald M. Miller, a seasoned consumer bankruptcy attorney admitted to practice in 1974, charges $225.00 per hour.[10]

These rates convince the court that Mr. Sheppard's rate of $275.00 per hour is wholly unreasonable. An appropriate rate is $200.00 per hour.

The rates charged for paralegal services is also excessive. It not only exceeds rates charged for paralegals in other cases, it also exceeds the rates charged by associate attorneys. For example, Eric T. Francis, an associate with BMSA, admitted in 2014, billed at $95.00 an hour in 2014.[11] The Day Ketterer firm submitted a fee application earlier this year billing paralegal services at $85.00 per hour.[12] The court is persuaded that $150.00 for paralegal time is excessive. $85.00 per hour is a reasonable rate for paralegal services.

### B. Time expended

In the first application, Mr. Sheppard bills for services related to filing a motion to borrow. Debtors filed the motion to incur debt to help fund their son's college education. The actual motion is less than one page long and a mere two paragraphs. It contains no citation to any legal authority. Mr. Sheppard claims he expended 1.50 hours on preparing the motion, which is exorbitant. The court finds thirty minutes is more appropriate. The withdrawal for the motion is one sentence. Between that pleading and an email exchange with Trustee, Mr. Sheppard spent 42 minutes. The court finds these time expenditures excessive. A more reasonable outlay is 18 minutes. Attorney Sheppard's time will be reduced accordingly.

Mr. Sheppard's second application is related to the filing of a modification, the second in the case, filed on July 8, 2016. The total time expended on the modification by both Mr. Sheppard and his paralegal is 5.85 hours. If this figure is accurate, Mr. Sheppard would have to carry a limited caseload. The modification is under two pages in length and has two exhibits but contains no citation to any legal authority. Mr. Sheppard also filed amended schedules I and J with the modification. The court finds that approximately half this time, at most, is reasonable. The application will be reduced to 3.20 hours, 1.30 hours for Mr. Sheppard and 1.90 hours for his paralegal.

The third application contains two services. The first billing is for travel time to the 341 meeting of creditors. Generally, this service is included in the no look fee. However, Mr. Sheppard was paid less than the normal no look fee based on Debtor's legal insurance plan's flat fee rate. The court does not take issue with the travel time expended.

---

8 In re Loughery, Case No. 12-63365, doc. #28.
9 In re Conkle, Case No. 11-62754, doc. #98.
10 In re Burley, Case No. 11-61843, doc. #53.
11 In re Cicolani, Case No. 12-62815, doc. #82.
12 In re Wallace, Case No. 12-61185, doc. #115.

4

The second part of the application concerns a plan modification, the first filed in this case. The total time expended was 4.90 hours. Based on this court's experience, that expenditure of time is either inflated or inefficient. As previously mentioned, a recent fee application from another practitioner billed an hour for services related to a modification. And Trustee opined that her experience led her to conclude that Mr. Sheppard's fees were excessive. The court will therefore reduce the time expended to a more reasonable figure by reducing it by approximately one-half. Mr. Sheppard's time is reduced to .30 hours, his paralegal's time is reduced to 2.30 hours. He is also allowed $170.00 for the travel time.

As a result of the above, the court finds that reasonable compensation under the lodestar method is as follows:

**First Fee Application**

| | |
|---|---|
| Attorney Sheppard | 2.00 hours @ $200.00/hour = $400.00 |
| Paralegal | 0.10 hours @ $ 85.00/hour = <u>     8.50</u> |
| | $408.50 |

**Second Fee Application**

| | |
|---|---|
| Attorney Sheppard | 1.30 hours @ $200.00/hour = $ 260.00 |
| Paralegal | 1.90 hours @ $ 85.00/hour = <u>   161.50</u> |
| | $ 421.50 |

**Third Fee Application**

| | |
|---|---|
| Attorney Sheppard | 2.00 hours @ $ 85.00/hour = $ 170.00 |
| | 0.30 hours @ $200.00/hour =   60.00 |
| Paralegal | 2.30 hours @ $ 85.00/hour = <u>   195.50</u> |
| | $ 425.50 |

II.     Adjustments

   A.  Expenses

Each fee application contains billings for expenses, including copy and postage fees. These expenses are of the type allowed but the court has concerns in this case. First, the third fee application includes $126.42 in postage expenses for mailing six amended plans. The court finds that neither Debtors or the creditors should be forced to bear these costs. The original plan, filed on April 30, 2014, was not on the court's form plan required to be used by administrative order, which counsel should have known. Counsel made a similar error with the amended plan filed on October 28, 2014, also not filed on the required form plan. Although docketed as an amended plan, the pleading filed on October 30, 2014 was a notice, not a chapter 13 plan.

5

Looking at the actual plans that were filed on appropriate forms on May 19, 2014, October 31, 2014, December 3, 2014, and January 27, 2015, the court cannot determine why all the filings were necessary. There were two changes from the plan filed on May 19, 2014 to the one filed on January 27, 2015, which was confirmed: the interest rate on the secured car claims increased to 5.25% and plan payments were stepped up after six months. The plans filed on October 31, 2014, December 3, 2014 and January 27, 2015 are identical as far as plan terms, although the latter two were filed using the short form plan instead of the long. Neither the creditors or Debtors should bear the cost of unnecessary filings. The court will allow reimbursement for two amended plan mailings instead of six. Expenses in the first fee application are therefore reduced from $147.49 to $63.21.

The court will allow the remainder of the expenses with one caveat. The first fee application contains charges for copies of records/documents totaling $18.80. In the future, counsel should specify the copy rate and number of pages so the court can ascertain whether the copy rate is reasonable.

### B. Qualitative factors

Mr. Sheppard admitted that this was the first case he filed in the Northern District of Ohio, requiring a learning curve for he and his staff. Nothing about the services rendered was complex, difficult or novel. No legal research was required. In fact, the three applications involve services that never came before the court for hearing, two of which were unopposed. Trustee accurately pointed out that the court was unlikely to approve a motion to borrow student loan money for a college-aged child. The modification services were routine for a chapter 13 case. The work was not undesirable or such that would exclude other employment. The court factored these considerations into its decision to reduce the time expenditures outlined above.

### **CONCLUSION**

In light of the above, the court finds the following to be reasonable:

First Fee Application:         $408.50 in fees and $41.83 in expenses, for a total of $450.33;
Second Fee Application:     $421.50 in fees and $21.07 in expenses, for a total of $442.57; and
Third Fee Application:        $425.50 in fees and $63.21 in expenses, for a total of $488.71.

An order allowing Mr. Sheppard total additional compensation in the amount of $1,255.50 in fees and $126.11 in expenses will be entered immediately.

So ordered.

#   #   #

**Service List:**

Kenneth L. Sheppard, Jr.
Sheppard Law Offices Co LPA
Belden Village Tower, Ste. 200
4450 Belden Village St., NW
Canton, OH 44718

Toby L Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg, 4th Floor
Canton, OH 44702

Robert E Smith, Jr.
Joan M. Smith
1034 Devonshire Lane
Mansfield, OH 44907